In the Matter of the Estate of CHARLES H. EBBETS, Deceased.

Surrogate's Court, Kings County, December 18, 1934.

*Logan & Aronoff*, for Charles H. Ebbets and another.·

*Winthrop, Stimson, Putnam & Roberts*, for the National Iron Bank of Pottstown, Penn.

*Alfred Roelker*, for Sarah G. Lawton.

*Gray & Tomlin*, for Grace Slade Ebbets and others.

*Frederick A. Keck*, special guardian for Eugene Booth and another.

*Charles A. Webber*, for Charles H. Ebbets, 3d, and others.

*Conroy & Hardy*, for Joseph A. Gilleaudeau and another.

*Spiro & Felstiner*, for Lane Bryant, Inc.

*Ralph Weller*, for Milton M. Eisenberg.

WINGATE, S. This is a motion seeking the extension of the scope of the examination of the accountants beyond the point permitted in the former decision of this court on the subject (*Matter of Ebbets*, 149 Misc. 260).

The pertinent facts were so fully reviewed in the former opinion that their repetition at this time appears unnecessary. The accounting trustees received from the testator, and still hold, exactly one-half of the issued shares of stock of the Brooklyn National Baseball Club, Inc., and of the Ebbets-McKeever Exhibition Co., Inc., which later corporation owns the athletic field leased to the former. One of the trustees, Mr. Gilleaudeau, is now, and was prior to the death of the decedent, an officer and director of the corporations. Mr. De Mott is a director and a vice-chairman of the board of directors of Brooklyn Trust Company, which in turn is a trustee of this estate. Subsequent to the death of the testator he became a director both of the baseball club and of the exhibition company, and an officer of the former. The majority of the directors of both corporations are now and have at all times been wholly unconnected with this estate.

On the last occasion when this controversy was before the court it was pointed out that the only examination of an accounting fiduciary contemplated by the Surrogate's Court Act is " as to any matter relating to his administration of the estate or fund " in his charge. In each case, therefore, in which an examination is sought the question of what was actually in his charge as estate fiduciary becomes of extreme pertinence.

A question substantially identical with that here presented came before this court in *Matter of Steinberg* (153 Misc. 339), in which objections were interposed to the accounts of an executor who held all of the stock of a corporation, by reason of his failure to include therein all transactions of the corporation. Such objections were sustained, since by virtue of his stock holding the fiduciary " possessed the unquestionable power of electing every single director of the corporation (Stock Corp. Law, § 55), with attendant authority to sell all of its property and franchises (Stock Corp. Law, § 20), and to effect its voluntary dissolution (Stock Corp. Law, § 105, subd. 4, ¶ c). The power to control the management would have been his had he held a mere bare majority of the stock, the other enumerated powers requiring a two-thirds holding."

Obviously, in the instant case, since the presently accounting trustees did not hold a majority of the stock of either of the corporations here in question, they possessed none of these powers. They held fifty per cent of the stock of each, but this fact gave them no rights beyond those of receiving such dividends as might be declared and of voting on their holdings at corporate meetings. They could not, by their own independent act, elect even a single director. They might do so by inducing some other stockholder to vote with them, but the election so effected would then be the

immediate result of the agreement and not solely of the stock holding. Since without the agreement the trustees could not have effected the election of a single director, it cannot be said that, by virtue of the holding of the trust stock, they possessed any power of control over the affairs of the corporation, in the absence of which the acts of the corporation cannot be considered their acts, to be detailed *in extenso* in their account or made the subject of a preliminary examination of a nature similar to an examination before trial.

A director or officer elected pursuant to an agreement such as has been supposed, possesses a very real and direct fiduciary responsibility to every stockholder without distinction (*People* v. *Marcus*, 261 N. Y. 268, 276; *People ex rel. Manice* v. *Powell*, 201 id. 194, 201), and is prohibited from discriminating between the several persons ultimately interested in the corporation (*Jones* v. *Terre Haute & Richmond R. R. Co.*, 57 N. Y. 196, 205). Disclosure of the intimate business affairs of the company to one and not to another, would amount to a display of favoritism which the court will not countenance and certainly not direct.

Whatever is held by the trustees as such is obviously held by them as fiduciaries. They are accountable for it, and its benefits should be made available to their *cestuis que trustent*. This applies as well to rights as to tangible property. In so far, therefore, as the equitable owner of stock would be entitled to information regarding the affairs of the corporation were he the legal owner thereof, such information should be secured and made available for him by the trustee. The Stock Corporation Law specifies the sole particulars in respect to which mere stockholders are entitled to such information, and it is not the function of courts to undermine the pertinent limitations by indirection.

The error into which the objectants have fallen in the present application is in failing to differentiate between a question of substantive right and one of mere procedure. Under *Matter of Auditore* (249 N. Y. 335), a fiduciary may be held liable in his estate accounting not only for losses incurred by the estate by reason of his active misfeasance (p. 342), but also for those sustained in consequence of his non-feasance and the failure to perform with reasonable diligence the acts which were within his power (p. 345). There is, therefore, no inhibition in the present case against the filing of objections against the trustees on either or both of these grounds. On the trial of the issues thus raised, the objectors will be at liberty to subpœna the corporations and their records for the purpose of substantiating their contentions. They may not, however, in this or any other court, examine a witness

before trial except under special circumstances which do not here exist.

If these trustees, by reason of their stockholdings, possessed a veto power by the exercise of which they could have prevented the performance of acts by the corporate entity, but failed to exercise such power, with the result that losses have been incurred by the corporation, it would appear obvious that the resulting impairment in value of the estate stock holdings was the result of their failure to perform their trust duties, and that they may be held liable in this regard on the theory of *Matter of Auditore*. Such veto power cannot, however, be metamorphosed into an active control which is actually non-existent and without which it cannot be said that the acts of the corporate officers and directors were really the personal acts of the fiduciaries themselves.

There is inherent in the situation no absence or defect in remedy as the movants urge. They have an absolute right to compel the fiduciaries to make good any damage which has resulted from their acts or neglects. The only thing which is denied them is the privilege of unlimited preliminary delving into the affairs of an actually distinct third person over which the trustees did not in fact have control.

Whereas experience has rendered this court cautious in making sweeping statements, it may be said that no situation can presently be conceived by it in the usual corporate set-up, in which stockholders, whether fiduciary or individual, who possess less than a majority of the issued stock, could be said to be the real dominating influence in a corporation so as to make the acts of the corporation the acts of the individuals within the principle of *respondeat superior*. Conversely, the court is unable to imagine a situation where fiduciaries possess such majority holding, in which such situation would not, sooner or later, exist.

The desire of the present petitioners is, in effect, to examine these corporations through their officers, as witnesses before trial, and no authority for the adoption of this course under the circumstances here demonstrated exists either in this or in any other court of this State.

The motion to extend the scope of the examination beyond that heretofore granted is, therefore, in all respects denied.

Enter order on notice accordingly.