In the Matter of the Accounting of BROOKLYN TRUST COMPANY, as Executor of CHARLES H. EBBETS, Deceased.

Surrogate's Court, Kings County, October 17, 1947.

*Cullen & Dykman* for Brooklyn Trust Company, as one of the executors of Charles H. Ebbets, deceased, petitioner.

*Gray & Tomlin* for Grace S. Ebbets and another, as executors of Charles H. Ebbets, deceased, respondents.

*Charles P. Eschmann,* special guardian for unknown distributees and legatees.

*John P. O'Brien* for Martha Ronayne and others, respondents.

*A. E. Robert Friedman* for Anna E. Booth and others, respondents.

McGAREY, S.   This is an application by one of the respondents for an examination of the executors pursuant to section 263 of the Surrogate's Court Act, the executors having filed their account of proceedings as such and petitioned for its judicial settlement.   The papers originally submitted in support of the application sought examination on twenty-one items, but these have been amended and reduced to seventeen by supplemental affidavit and the item numbers as hereinafter set forth are those enumerated in such supplemental affidavit.

Several of the items, on which examination is sought, seek to elicit information from the executors on the internal operations of the corporations, in which testator had a 50% interest, the stock having come into the hands of the executors on his death.   The executors, in their representative capacity, were merely stockholders of the corporations and, except in voting the stock for the election of directors of the corporations, had no control over the internal management nor a voice in the formulation or direction of the financial policies thereof.   The examination as to such items must, therefore, be denied except insofar as information was acquired by the accountants in their fiduciary capacities as distinguished from information acquired by reason of the representation of such executors as officers or directors of the corporations (*Matter of Ebbets,* 149 Misc. 260, 153 Misc. 775; *Matter of Witkind,* 167 Misc. 885).

On the prior accounting of the executors, one of the respondents made a similar application for an examination of the accounting parties in which information was sought concerning

the operation of the corporations. This court in denying the application insofar as it sought information acquired by the executors as officers and directors of the corporations (*Matter of Ebbets,* 149 Misc. 260, 153 Misc. 775, *supra*), reviewed the applicable authorities, and observed the existence of the dual role occupied by the accountants, and distinguished the liability and responsibility in the latter role from that as representatives and fiduciaries of the estate as such.

This court will follow the result reached on the prior application based upon the well-reasoned opinion of the learned Surrogate then presiding. Applying such principles, the application is disposed of as follows: Item 1 is granted only to the extent that the executors participated therein as such as distinguished from their duties as officers or directors of the corporations; item 2 is granted only to the extent of the efforts of the executors, as such, to bring about a declaration of dividends of the corporations; items 4, 5, 6 and 12 are denied; item 7 is granted; items 8, 9 and 10 are granted only to the extent of the actions of the executors, or either of them, in requesting information therein from the respective corporations, whether the information, if any received, was checked for accuracy and what, if any, action was taken thereon; item 11 is denied in its present form but inquiry may be made as to whether the executors, or either of them, sought information as to the subject matter embraced therein and what information, if any, was received; item 16 is granted only as to the sale of the stock of the corporations, the names of the purchasers, the terms of the contract of sale (the contract or other writings covering the sale should be produced) and the extent to which, if any, the corporate executor, individually, participated therein or may have profited thereby. No objection is raised as to the examination on the remaining items and they will be allowed.

The executors will be required to produce all books, papers and documents used or obtained by them in the administration of the estate for use on the examination.

The date for examination will be inserted in the order to be entered hereon and, in the absence of the consent of the parties, will be fixed by the court.

Submit order, on notice, accordingly.